UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGIA MILES,

Plaintiff,

v.

BENJAMIN LEON ANDRADE, et al.

Defendants.

No. 2:19-cv-402-EFB P

ORDER

Plaintiff, a former county jail inmate proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis.[1] She has filed numerous complaints (ECF Nos. 1, 5, 10 & 11) and a motion for electronic filing (ECF No. 8).

<u>Application to Proceed In Forma Pauperis</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's request to proceed in forma pauperis is granted.

/////

/////

/////

---

[1] Plaintiff was confined to the Nevada County Jail when she commenced this action. ECF No. 1. She subsequently filed a notice of change of address implying that she has since been released from custody. ECF No. 9.

1

## Screening

### I. Legal Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II. <u>Analysis</u>

Plaintiff's complaints (ECF Nos. 1, 5, 10 & 11) are largely illegible and the portions that can be read are devoid of specific factual allegations. Plaintiff appears to bring this case on behalf of her "family," but does not assert a basis for her authority to represent anyone but herself in this action. As far as the court can discern, she makes alarming but conclusory allegations that she and her kids have been subjected to long-term sexual and physical abuse, including kidnapping, rape, torture, and sex trafficking, but does not identify the alleged wrongdoer(s). ECF No. 5 at 8, 10. Thus, the complaints fail to put any defendant on notice of the claims against them as required by Rule 8 of the Federal Rules of Civil Procedure.[2] Moreover, the claims appear to go back as far as 1994[3] and arise from alleged but unrelated events at four separate jails in Colusa, Sutter, Lassen, and Plumas Counties.[4] ECF No 5 at 10-12. Plaintiff will be given leave to amend to correct the foregoing deficiencies.

<u>Leave to Amend</u>

Plaintiff may choose to amend her complaint. She is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial

---

[2] Federal Rule of Civil Procedure 8 provides: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought…." Fed. R. Civ. P. 8(a). Rule 8(d) provides that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d).

[3] Any claim stemming from such stale allegations would likely be barred by the applicable four-year statute of limitations. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); Cal. Civ. Proc. Code §§ 335.1, 352.1(a).

[4] It is well settled that a claimant may not proceed with various unrelated claims against separate defendants:

> "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2."

*George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

| | |
|---|---|
| 1 | way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. |
| 2 | 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, |
| 3 | participates in another's act or omits to perform an act he is legally required to do that causes the |
| 4 | alleged deprivation). Plaintiff may also include any allegations based on state law that are so |
| 5 | closely related to his federal allegations that "they form the same case or controversy." *See* 28 |
| 6 | U.S.C. § 1367(a). |
| 7 | The amended complaint must also contain a caption including the names of all defendants. |
| 8 | Fed. R. Civ. P. 10(a). |
| 9 | Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See* |
| 10 | *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may she bring unrelated claims against |
| 11 | multiple defendants. *Id.* |
| 12 | Any amended complaint must be written or typed so that it so that it is complete in itself |
| 13 | without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended |
| 14 | complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the |
| 15 | earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 |
| 16 | F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter |
| 17 | being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. |
| 18 | 1967)). |
| 19 | Any amended complaint should be as concise as possible in fulfilling the above |
| 20 | requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual |
| 21 | background which has no bearing on her legal claims. She should also take pains to ensure that |
| 22 | her amended complaint is as legible as possible. This refers not only to penmanship, but also |
| 23 | spacing and organization. Plaintiff should carefully consider whether each of the defendants she |
| 24 | names actually had involvement in the constitutional violations he alleges. A "scattershot" |
| 25 | approach in which plaintiff names dozens of defendants will not be looked upon favorably by the |
| 26 | court. |
| 27 | ///// |
| 28 | ///// |

<u>Motion for Electronic Filing</u>

Plaintiff requests leave to file documents with the court electronically. ECF No. 8. Local Rule 133(b)(2) provides that, "Any person appearing pro se may **not** utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. *See* E.D. Cal. L.R. 133(b)(3). All pro se parties shall file and serve paper documents as required by applicable Federal Rules of Civil or Criminal Procedure or by these Rules." Plaintiff provides no basis for deviating from the Rule in this case and her motion is denied.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 7) is GRANTED;
2. Plaintiff's complaints (ECF Nos. 1, 5, 10 & 11) are DISMISSED with leave to amend within 30 days of service of this order;
3. Plaintiff's motion for electronic filing (ECF No. 8) is DENIED; and
3. Failure to comply with this order may result in dismissal of this action.

DATED: May 21, 2019.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE