UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGIA MILES,

    Plaintiff,

v.

BENJAMIN LEON ANDRADE, et al.,

    Defendants.

No. 2:19-cv-402 EFB P

ORDER AND FINDINGS AND RECOMMENDATIONS

Plaintiff proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. On May 22, 2019, the court dismissed her previous complaints with leave to amend after finding that, for screening purposes, she had failed to state a cognizable claim. ECF No. 12. Plaintiff has now filed a third and fourth amended complaint. ECF Nos. 13 & 14. The fourth amended complaint supersedes the third and, having reviewed that pleading, the court recommends that this action be dismissed, without further leave to amend, for failure to state a cognizable claim. Plaintiff's motion for recusal (ECF No. 19) and motion for appointment of counsel (ECF No. 23) are also denied.

## Screening

### I. Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

Plaintiff's claims are incomprehensible. She alleges that law enforcement, county officials, judges, clergy and physicians have committed "crimes against children, humanity and the constitution" as part of a wide-ranging conspiracy. ECF No. 14 at 6. She alleges that the crimes include embezzlement, fraud, rape, "repression," and kidnapping. *Id.* at 7. Plaintiff claims that brainwashing has occurred and that the Mormon Church is somehow involved. *Id.* Ultimately, neither the specific crimes nor the context in which they were allegedly committed is ever satisfactorily explained.

/////

A court is empowered to dismiss claims based on "factual contentions that are clearly baseless" or which describe "fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). The court recommends that the claims at bar be dismissed without leave to amend on that basis.

## Request for Recusal

Motions for recusal fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. A judge is required to disqualify himself if his impartiality might reasonably be questioned, 28 U.S.C. § 455(a), or if he has a personal bias or prejudice concerning a party, 28 U.S.C. § 455(b)(1). Additionally, recusal is required under § 144 when a party "makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." *See United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980) (affidavit filed pursuant to § 144 is not legally sufficient where it contains only conclusions and is devoid of specific fact allegations tending to show personal bias stemming from an extrajudicial source). Here, plaintiff does not identify any specific or legitimate grounds for recusal and her motion must be denied. Plaintiff makes only vague and unsubstantiated accusations of "bias," "sexual discrimination," and "misconduct," and notes that she has received several unfavorable rulings in this case. *See* ECF No. 19; *see Liteky v. United States*, 510 U.S. 540, 555 (1994) (judicial rulings alone almost never constitute a valid basis for a recusal motion based on bias or impartiality); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (same).

## Motion for Appointment of Counsel

Plaintiff also requests the appointment of counsel. ECF No. 23. District courts may authorize the appointment of counsel to represent an indigent civil litigant in certain exceptional circumstances. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991); *Wood v. Housewright*, 900 F.2d 1332, 1335–36 (9th Cir.1990); *Richards v. Harper*, 864 F.2d 85, 87 (9th Cir. 1988). In considering whether exceptional circumstances exist, the court must evaluate (1) the plaintiff's likelihood of success on the merits; and (2) the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved.

*Terrell*, 935 F.2d at 1017. The court cannot conclude that plaintiff's likelihood of success, the complexity of the issues, or the degree of plaintiff's ability to articulate her claims amount to exceptional circumstances justifying the appointment of counsel at this time.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. The Clerk of Court is directed to randomly assign a United States District Judge to this case; and

2. Plaintiff's request for recusal (ECF No. 19) and motion for appointment of counsel (ECF No. 23) are denied.

Further, it is RECOMMENDED that plaintiff's fourth amended complaint (ECF No. 14) be DISMISSED in its entirety, with prejudice, for failure to state a claim and as frivolous.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE